No. 1509.—Paul Marcelin v. His Creditors.—Opposition of Widow G. Sutterlin.

In an opposition to the account filed by the syndic of an insolvent the record of a suit between the syndic and a third party is not admissible to prove that the opponent is not the owner of the notes on.which the opposition is founded, nor is the brief of counsel for the insolvent, in other proceedings, admissible on the trial of the opposition of the account of the syndic.

The payment of interest on a promissory note up to a particular date, and an extension of the time of the payment of the principal to that date, will interrupt prescription.

The mortgage and vendor's privilege on real estate are not impared by the sale of the property by a syndic of the insolvent, and the holder of the mortgage and privilege is entitled to first preference on the proceeds of the sale after paying the expenses of the sale.

APPEAL from the Third District Court of New Orleans. *Fellowes*, J. *Alph. Canonge*, for opponent and appellant. *E. Filleul* and *C. E. Schmidt*, for syndic and creditors, appellees.

Ludeling, C. J. It appears that Paul Marcelin and Joseph Albrecht purchased a certain lot with the improvements thereon from one May, and to secure the payment of the price they executed their joint obligations with a mortgage and vendor's privilege. Marcelin failed, and B. Saloy was appointed syndic of his estate.

The syndic caused the undivided interest of Marcelin in the lot of ground aforesaid to be sold, and he filed an account and tableau of distribution whereby he proposed to distribute the proceeds of the sale. The widow Sutterlin opposed the tableau. She alleges that she is the holder and owner of the two notes executed by Marcelin and Albrecht for the price of the before mentioned lot, and that her claim is entitled to be paid out of the proceeds of the sale of the property in preference to all other debts, except the expenses of the sale.

Her opposition was dismissed by the District Court, and she has appealed. The record contains several bills of exceptions, to which our attention has been directed.

*First*—The syndic offered in evidence the record of a suit between Saloy, syndic, and Albrecht, to prove by the allegations in Albrecht's answer that the notes did not belong to Mrs. Sutterlin. This was objected to on the ground that the record was *res inter alias acta*, she not having been a party to that suit.

The objection was overruled and the evidence was received. The judge erred. The objection should have been sustained. The allegations in the answer of Albrecht were not even sworn to, and if they had been, Mrs. Sutterlin never had an opportunity to cross examine Albrecht. She was a stranger to the proceedings.

*Second*—The brief of counsel of Marcelin was offered in evidence by the syndic and was objected to by the opponent on the same ground urged against the reception of the records above mentioned.

The court overruled the objection and received the evidence. That was wrong. There existed no privity between Albrecht and the opponent. It is difficult to conceive how the admissions of Albrecht or of his counsel could affect a third party.

*Third*—Albrecht's testimony was offered by the opponent and it was objected to by the syndic on the grounds that he was interested and that *he* was estopped from giving any testimony contrary to, or inconsistent with, a previous allegation or admission made by him in the suit of Saloy *v.* Albrecht. The court sustained the objection and excluded the evidence.

There is no proof in this record to show that Albrecht is pecuniarily interested in the suit. The second objection does not merit serious consideration. The evidence should have been received. It is unnecessary to examine the other bill of exceptions. The prescription of five years pleaded against the notes cannot be sustained.

On the fifth of March, 1862, the interest on one of the notes was paid up to the twenty-fifth of March, 1863, and on the other up to the fourth of March, 1863, and the terms of payment of the notes were extended to these dates. The opposition was filed on the twelfth of September, 1866.

The evidence convinces us that Mrs. Sutterlin is the legal holder and owner, by purchase, of the notes whereof she seeks to enforce the payment. They are secured by a mortgage and vendor's privilege on the property sold by the syndic. The mortgage and privilege were not impared by the sale or transfer of the notes, after maturity, and they attached to the proceeds of the sale of the property mortgaged.

The rank of the opponent's privilege is superior to all other privileges on the proceeds in the hands of the syndic, except those granted in favor of the expenses necessary to effect the sale of the property. 11 An. 469; 18 An. 721. Succession of P. O. Lauve, 2 R. 381; 1 R. 446; C. C. art. 3234.

It is admitted in the record that Mrs. Sutterlin has received from the proceeds of the sale of the interest of Albrecht in the lot, four hundred and forty-eight dollars and ninety-eight cents more than was due by Albrecht. This reduced her claim to two thousand dollars, with eight per cent. per annum interest on one thousand dollars from the fourth of March, 1863, and on one thousand dollars from twenty-fifth March, 1863, subject to a credit of four hundred and forty-eight dollars and ninety-eight cents on the twenty-first day of January, 1867,

Paul Marcelin v. His Creditors. —Opposition of Widow G. Sutterlin.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of the opponent, Widow G. Sutterlin, against the syndic of Paul Marcelin for two thousand dollars, with eight per cent. per annum interest on one thousand dollars thereof from fourth March, 1863, and on one thousand dollars thereof from twenty-fifth day of March, 1863, subject to a credit of four hundred and forty-eight dollars and ninety-eight cents on the twenty-first day of January, 1867. It is further ordered that her mortgage and privilege be recognized as superior in rank and that her debt be paid in preference to the following claims set forth in the tableau, to wit:

| | |
|---|---:|
| For three certificates of mortgages on sundry pieces of real estate | $ 43 00 |
| Clerk's costs in suit of Saloy v. Albrecht | 78 75 |
| Sheriff's costs in same suit | 42 20 |
| J. Lamarre's charge for brief in same case | 24 00 |
| E. Filleul and C. E. Schmidt, attorney's fees, in suit of Saloy v. Albrecht | 700 00 |
| Attorney's fees in the insolvency since first account | 300 00 |
| B. Saloy's mortgage claim | 885 00 |

It is further ordered that the tableau thus amended be homologated, and that the syndic pay the costs of both courts.

Rehearing refused.